# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

VIDALE TASBY (#330329)                                              CIVIL ACTION

VERSUS

N. BURL CAIN, WARDEN, ET AL.                                        NO. 16-0277-JJB-EWD

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on September 12, 2017.

                                             **ERIN WILDER-DOOMES**
                                             **UNITED STATES MAGISTRATE JUDGE**

# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

**VIDALE TASBY (#330329)**                                        **CIVIL ACTION**

**VERSUS**

**N. BURL CAIN, WARDEN, ET AL.**                                  **NO. 16-0277-JJB-EWD**

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court is the Motion to Dismiss of the Louisiana Department of Public Safety and Corrections (R. Doc. 90). This Motion is opposed.

*Pro se* Plaintiff, an inmate confined at the Louisiana State Penitentiary ("LSP"), Angola, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 against former Warden Burl Cain, current Warden Darrel Vannoy, current or former Mental Health Directors Carol Gilcrease (originally identified as "Carol Duthu"), Ms. Peabody and Ms. Kristen Thomas (originally identified as "Ms. Kelly"), LSP psychiatrists Dr. Gamble and Dr. Reinbold, LSP social worker David Ankenbrand, and the Louisiana Department of Public Safety and Corrections ("DOC"). In his Complaint, as amended, Plaintiff asserts claims relative to his long-term segregated confinement at LSP, allegedly without adequate mental health care or treatment. In his Amended Complaint, he has also asserted a claim arising under the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq*., and Section 504 of the Rehabilitation Act, 29 U.S.C. § 794.

In the instant Motion, Defendant DOC seeks dismissal pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, contending that Plaintiff has failed to state a claim upon which relief may be granted. In *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v.*

*Iqbal*, 556 U.S. 662 (2009), the Supreme Court addressed the standard of pleading that a plaintiff must meet in order to survive a motion to dismiss pursuant to Rule 12(b)(6). Specifically, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly, supra*, at 555. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal, supra*, 556 U.S. at 678, *quoting Bell Atlantic Corp. v. Twombly, supra*. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. It follows that, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'" *Id*. at 679. "Where a Complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id*. at 678 (internal quotation marks omitted).

On a motion to dismiss for failure to state a claim under Rule 12(b)(6), the Court "must accept as true all of the factual allegations contained in the Complaint." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Further, "[a] document filed pro se is 'to be liberally construed' ... and 'a *pro se* Complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Id*. (citation omitted). Even a *pro se* complainant, however, must plead "factual matter" that permits the court to infer "more than the mere possibility of misconduct." *Ashcroft v. Iqbal, supra*, 556 U.S. at 678. The court need not accept "a legal conclusion couched as a factual allegation," *Papasan v. Allain*, 478 U.S. 265, 286 (1986), or "naked assertions [of unlawful conduct] devoid of further factual enhancement." *Ashcroft v. Iqbal, supra*, 556 U.S. at 678 (internal quotation marks omitted).

Applying the foregoing standard in connection with Plaintiff's claim asserted against the DOC, the Court concludes that Defendant's Motion to Dismiss should be granted, specifically because Plaintiff's § 1983 claim is barred by the Eleventh Amendment to the United States Constitution.[1] Under the Eleventh Amendment, an unconsenting state is generally immune from any lawsuit seeking monetary damages or equitable relief brought in federal courts by her citizens or by the citizens of other states. *See Edelman v. Jordan*, 415 U.S. 651, 662-63 (1974). Although Congress has the power to abrogate this immunity through the Fourteenth Amendment, it has not done so as to claims for the deprivation of civil rights under color of state law under 42 U.S.C. § 1983. *See Quern v. Jordan*, 440 U.S. 332, 345 (1979). Accordingly, absent consent or waiver, not here present, the State of Louisiana is immune from suit in federal court under § 1983. This shield of immunity also extends to the Louisiana Department of Public Safety and Corrections as an arm or agency of the State. *See, e.g., Anderson v. Phelps*, 655 F. Supp. 560, 563-64 (M.D. La. 1985). *See also Lova v. Texas Dept. of Corrections*, 878 F.2d 860, 861 (5th Cir. 1989). Accordingly, this aspect of Plaintiff's Complaint is subject to dismissal as a matter of law.

## **RECOMMENDATION**

It is recommended that the Motion to Dismiss of the Louisiana Department of Public Safety

---

[1] Whereas Plaintiff has included, in his Amended Complaint, a claim asserted under the ADA and RA and whereas the courts have concluded that the immunity provided by the Eleventh Amendment is abrogated under certain circumstances in connection with ADA/RA claims, *see United States v. Georgia*, 546 U.S. 151 (2006), the Court has issued a separate Magistrate Judge's Report this date that recommends dismissal of Plaintiff's ADA and RA claims for failure to exhaust administrative remedies in accordance with 42 U.S.C. § 1997e. The same reasoning applies here. Accordingly, the Court need not address Plaintiff's claim asserted against the DOC under the ADA and RA.

and Corrections (R. Doc. 90) be granted, dismissing Plaintiff's claim asserted against this Defendant, with prejudice.

Signed in Baton Rouge, Louisiana, on September 12, 2017.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**